### DENSLOW M. STOCKWELL v. THE TOWN OF DUMMERSTON.

#### Towns. Highway Surveyor.

A highway surveyor is bound *at all times* to keep the highways in his district in good and sufficient repair, irrespective of the amount of the highway-tax committed to him, and without the direction and authority of the selectmen; and for all necessary expenditures made by him for that purpose, beyond the amount of his tax-bill, and out of means not furnished by the town, the town is liable.

The act of 1864, fixing the wages of a man at fifteen cents an hour, and the price for teams, carriages, and tools, employed in repairing a highway, at such price as the town or selectmen shall establish, applies only to such persons as furnish work on the highway, or teams, carriages, and tools, in payment of a tax assessed against them.

GENERAL ASSUMPSIT. Trial by the court, September term, 1872, BARRETT, J., presiding.

In the years 1869 and 1870, the plaintiff was highway surveyor in district No. 12 in the defendant town. In the fall of 1869, the highways in said district were badly damaged by the freshet of that season, and the plaintiff expended in repairing said highways, immediately after the freshet, and by direction of the selectmen of the town, about ninety dollars, in addition to the ordinary highway-tax; with which expenditure, said highways " were so far put in repair as to render them usable by the public to travel over." There were only three tax-payers in said district in the year 1870, and the highway-tax of the district that year was about twelve dollars. In October and November of that year, the highways in said district were out of repair and perilous, and the plaintiff was told by different persons that unless he repaired them, they would make him trouble. Thereupon the plaintiff,

without informing any of the selectmen of the condition of the highways, or that the highway-tax was expended, employed laborers and repaired said highways, and therein paid out in good faith the several sums, and performed the work, amounting in all to the sum of $99, which this suit was brought to recover for. The plaintiff did no more upon the roads than was necessary, nor than the town ought to have done, to put them in good and sufficient repair. No extraordinary occasion existed calling for said expenditure of money and labor, but the expenditure was made by the plaintiff, as highway surveyor, in the ordinary course of repairing the highways, without the knowledge or direction of any of the selectmen ; and there was no evidence tending to prove that any of the selectmen ever promised to pay the plaintiff therefor. Upon the foregoing facts the court rendered judgment for the plaintiff for the aforesaid sum, and interest thereon. To the ruling of the court holding the town liable, but not as to interest, the defendant excepted.

*George Howe*, for the defendant.

The powers and duties of a highway surveyor are very clearly defined by the statute, and the various modes of raising the money to enable him to perform these duties, are also particularly enumerated. His territorial limits are determined by the selectmen of the town, and it is their duty annually, and previous to the 25th day of May, to assess a tax of twenty-five cents on the grand list, to be paid in labor and laid out in repairing highways and bridges. Gen Stat. ch. 25, §2. For the purpose of keeping the highways in repair, the town may vote a tax in addition to this assessed by the selectmen. Ch. 25, §13. When the surveyor has received his tax-bill and warrant from the selectmen, then his duties begin. He is now to superintend the expenditure of this highway-tax—to take charge of and keep in repair the highways in his district at all times. Ch. 25, §5. The repairs mentioned in the sections referred to, are evidently those ordinary repairs which are annually necessary, and for which the tax of twenty-five per cent. is regularly assessed by the selectmen.

Section eighteen provides for extraordinary occasions, pre-scribes the particular duties of the surveyor on such occasions, confers upon him extraordinary powers, equal to the emergency, and when the highway is suddenly destroyed or impaired, so as to require immediate repairs, or is obstructed in any manner, then it is that the highway surveyor *may hire other laborers than tax-payers, or employ other means*, to open or repair the highways or bridges thus *suddenly* destroyed or obstructed. It is only on these extraordinary occasions that the highway surveyor is in-vested with the extraordinary powers mentioned in section 18. When the plaintiff in this case had expended the amount of money provided for in his tax-bill, if the highways were still out of re-pair, it was his duty to have informed the selectmen of the facts, and under sec. 13, ch. 25, the town, or the selectmen, could have furnished him with the means necessary to complete the repairs. Section 18 of the statute having expressly provided that on any extraordinary occasion the surveyor may exercise these extraor-dinary powers, prohibits by necessary implication their exercise on any other occasion. If the taxes assessed by the selectmen were insufficient to complete the ordinary repairs of the high-ways in his district, it was not competent for the plaintiff to sup-ply the deficit in the manner he did. Section 13 of the statute confers that authority upon the town, or the selectmen. The plaintiff in this case not only acted without authority, but directly contrary to the statute, and, his conduct not having been ratified by the selectmen, nor the town, he is not entitled to recover.

*Clarke & Haskins* and *C. N. Davenport*, for the plaintiff.

1. It is made the duty of towns to keep all highways and bridges within their bounds in good and sufficient repair, at the expense of such towns, at all seasons of the year. Gen. Stat. ch. 25, §1.

2. It is made the duty of the highway surveyor, not only to superintend the expenditure of the tax committed to him by the selectmen, but "*to take charge of and keep in repair at all times the highways in his district*," and he is further made directly re-sponsible to the town for any damages which the town may sus-

tain through his fault or neglect in the discharge of his duty. Gen. Stat. ch. 25, §§5, 6, 7 ; *Newbury* v. *Tenney*, 2 Aik. 295 ; *Dassance* v. *Gates*, 13 Vt. 275. Upon a careful examination of the statutes relating to the repair of highways and bridges, it is perfectly apparent that it was manifestly the intention of the legislature in imposing upon the highway surveyors the duty of keeping in good and sufficient repair *at all times*, the highways and bridges in their respective districts, and in making them directly responsible to the town for any damages the town may sustain through their neglect of that duty, to clothe them with powers to act in the premises, commensurate with the duties and responsibilities thus imposed upon them. Hence we insist that the several highway surveyors are, during the official term and by force of the statute, the authorized agents of the town, for the purpose of keeping in repair at all times, and in all seasons of the year, the highways in their respective districts, without reference to whether the amount of tax specified in the rate-bill committed to them by the selectmen, has been expended or not.

3. The theory urged by the defendant's counsel, that the selectmen have any *exclusive* power or control over the repair of highways, is a mistaken one. They have a " general supervision of the concerns of the town, and shall cause all duties required by law of towns, and *not committed* to the care of any particular officer, to be duly performed and executed." Gen. Stat. ch. 15, §45 ; *Middlebury et als.* v. *Rood*, 7 Vt. 125 ; *Hollister* v. *Pawlet*, 43 Vt. 425. The duty of keeping the highways in district No. 12, in Dummerston, in good and sufficient repair during the year 1870, was *committed* to the plaintiff. The power of the selectmen to supervise him in the discharge of the duty thus committed, was no more extensive than their power to supervise the listers, constables, grand jurors, or any other of their town officers in the discharge of their especial duties as pointed out by statute. The statute makes it the duty of the selectmen to divide their towns into convenient highway districts, to nominate surveyors, to make out and deliver to the surveyors proper rate-bills for highway taxes, and to furnish them with blank books in which to keep their accounts. But the statute nowhere empowers the

selectmen to direct the surveyor when, where, or how he shall discharge his duty. Such directions, and all such instruction as the surveyor may require in the discharge of his duties, are prescribed by law, and may be found within the statute. The highway surveyor, therefore, is as potential within his sphere, as the selectmen are within theirs.

4. It was urged by the defendant's counsel in the court below, that it was only competent for a surveyor, " on an extraordinary occasion," to employ other means than his rate-bill to open and repair highways in his district, and sections 18 to 21 inclusive, ch. 25, of the Gen. Stat.; were cited as authority. We do not so construe those sections. We contend that their purpose is not to limit or abridge the powers of the surveyor in *ordinary* cases, but to so enlarge them by giving him authority in *emergencies* to draft into service any inhabitant of the district, whether owing a tax or not, that he may effectually discharge the duty which the town, through him, owes to the public, of keeping its highways in " good and sufficient repair," and at the same time to relieve himself from the *additional* consequences of his neglect in such case, as is provided in said section 20. *Dassance* v. *Gates*, 13 Vt. 275.

5. We have thus far discussed the principles involved in this case, without reference to judicial decisions. We are not aware that there is any decided case in Vermont that stands in the way of the plaintiff's right of recovery. In a case not entirely dissimilar to the one at bar, decided several years ago, the learned judge in delivering the opinion of the court, said : " It may, perhaps, well be questioned, whether the surveyor, in consequence of the duty thus imposed upon him, and his responsibility to the town for all damages that may be sustained by reason of his neglect, has not the power to repair the road at the expense of the town, when the tax committed to him is insufficient to make the ordinary repairs." *Gassett* v. *Andover*, 21 Vt. 342, 350. The doctrine as thus laid down has since been fully recognized in a case more in point, and is, we believe, the established rule of law in this state at the present time. *Lamphire* v. *Windsor*, 27 Vt. 544.

The opinion of the court was delivered by

PECK, J. The statute requires that " all highways and bridges within the bounds of ·any town, shall be kept in good and sufficient repair, at the expense of such town, at all seasons of the year." For this purpose, in addition to the twenty-five per cent. which the statute requires the selectmen to assess upon the grand list of the town, provision is made by statute for the raising of money by the town by vote at their annual March meeting, or at any special meeting warned for that purpose, to the extent that shall be necessary for the performance of this duty by the town. To enforce this duty, and to indemnify the public against the consequences of a neglect of its performance, it is provided that if any special damage shall happen to any person, his team, carriage, or other property, by means of the insufficiency or want of repairs of any highway or bridge in any town, which such town is liable to keep in repair, he shall have an action to recover the same against the town. Such is the duty and liability of the town to the public. As to the agencies or instrumentalities through which this duty is to be performed, in addition to the provision for the election of highway surveyors by the town, and for the division of the town by the selectmen into highway districts convenient for repairing highways, and .for the making out and delivery of a tax-bill to each surveyor, containing the amount of tax set or assigned to his district, it is provided that " it shall be the duty of each surveyor of highways to superintend the expenditure of the tax, and to take charge of, and keep in repair at all times, the highways in his district; and he shall be responsible to the town for any damages which may be sustained by the town through his fault or neglect in the discharge of his duty." The claim on the part of the defense is, that this provision as to the duty and liability of the highway surveyor, does not require him to do more than faithfully to expend the amount of taxes in his tax-bill, in the repair of the highways, or authorize him to do more at the expense of the town, at least without the direction of the selectmen. But this language of the statute, imposing the duty upon the highway surveyor " to superintend

the expenditure of the tax, *and to take charge of, and keep in repair at all times, the highways in his district,*" is too explicit, comprehensive, and unqualified, to limit his duty by the amount of the tax-bill put into his hands, or to make the performance of it dependent on the will of the selectmen. Whatever duty rested upon the selectmen in the matter, if any, was not in diminution of the duty of the plaintiff, but in aid of its performance. The plaintiff, in the expenditure of the money and performance of the labor for which he claims to recover, did no more than his official duty required, and had he done less, he would have been guilty of official neglect. As highways are to be "kept in good and sufficient repair *at the expense of such town* at all seasons of the year," and as the plaintiff, as the proper officer of the town for that purpose, has necessarily, without means furnished him by the town, performed so much of that duty as the statute required of him, he has done it on the credit of the town, and is entitled to recover for it in this action. It is difficult to perceive how the statute can bear any other construction. It is insisted on the part of the defense, that the power of the highway surveyor to expend more than the tax-bill put into his hands, is limited to the extraordinary occasions of sudden injury to a bridge or highway, mentioned in ch. 25, § 18. But it is obvious that section was not intended as a limitation or restriction of the duty and power in question to such extraordinary occasion when a bridge or highway should be suddenly destroyed or impaired, but only to speed the reparation of the bridge or highway in such case ; as is evident from the fact that it imposes a penalty in such case of sudden injury, on the highway surveyor for neglect to proceed within twelve hours after application to him ; and on the inhabitants of the district in the tax-bill, for neglect to turn out and assist on six hours notice from the highway surveyor, whether any tax is due from them or not. The act of 1797 (Slade's Comp. Stat. 427, compiled in 1824) contains substantially the same provisions as to the duties, powers, and liabiltiies of highway surveyors, as the present statute, except the words, "*and to take charge of, and keep in repair at all times, the highways in his district.*" This provision first appears in any compilation or col-

lation of the statutes, in the Rev. Stat. of 1839. I have not examined the pamphlet laws to see whether it was enacted in the meantime; but whenever it was enacted, it was obviously inserted as a clear and explicit imposition of duty upon highway surveyors to keep the highways in their respective districts in repair, irrespective of the amount of taxes put into their hands for that purpose.

It is insisted that if the town is liable, the plaintiff is limited to the rate of compensation fixed by the statute. But the provision of the act of 1864, fixing the wages of a man at fifteen cents per hour, and the price for teams, carriages, and tools employed in making rapairs, at such price as the town at their annual meeting, or the selectmen, shall establish, applies only to each person who shall furnish work on the highway, or teams, carriages, or tools, " in payment of his highway tax assessed by the selectmen." It is not stated that any such question was raised in the county court, nor that the plaintiff's charges exceed the statute rate. Nor can it be with reasonable certainty inferred from the items of the account as charged. But assuming this sufficiently appears, the statute does not apply to the claim.

Judgment affirmed.